IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **ROSALBA HERRERA,** *et al.*, | * |
| Plaintiffs, | * |
| v. | * Case No.: PWG-12-3253 |
| **HAKAN ILHAN,** *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

This Memorandum Opinion addresses the Motion to Dismiss Complaint of Plaintiff Jose Santiago Ramirez Ramirez and supporting Memorandum that Defendants Foxhall Enterprises, Inc. d/b/a Pizza Autentica ("Foxhall"), First Annex, Inc. d/b/a Café Cantina ("First Annex"), and Hakan Ilhan filed, ECF No. 14; Plaintiff Ramirez's Opposition, ECF No. 16; and Defendants' Reply, ECF No. 19; as well as the Motion to Dismiss Counterclaim of First Annex, Inc. Against Ana Lidia Alas and Rosalba Herrera that Plaintiffs/Counter-Defendants Alas and Herrera filed, ECF No. 17, along with a supporting Memorandum, ECF No. 18-1; Defendant/Counter-Plaintiff First Annex's Opposition, ECF No. 21; and Plaintiffs/Counter-Defendants Alas and Herrera's Reply, ECF No. 22. Plaintiffs Herrera, Alas and Ramirez have requested a hearing. ECF No. 23. I find that a hearing is unnecessary in this case. *See* Local Rule 105.6. For the reasons stated below, Defendants' Motion to Dismiss Plaintiff Ramirez's Complaint, which the Court construes as a Motion for Summary Judgment, is GRANTED; Plaintiffs/Counter-Defendants

Alas and Herrera's Motion to Dismiss First Annex's Counterclaim against them is GRANTED; and First Annex is granted leave to amend its Counterclaim.

## I.  BACKGROUND

Plaintiffs, former employees of Defendants, filed this Fair Labor Standards Act, 29 U.S.C. §§ 201 – 219 ("FLSA") action against Defendants, claiming that Defendants failed to pay Plaintiffs "their final pay for the hours that they worked from September 17, 2012 to October 3, 2012" or adequate overtime wages, and paid Ramirez "less than the required minimum wage." Compl. ¶¶ 17–18, 20, 22, 24, 25, 34 & 40, ECF No. 1.  Plaintiffs also alleged that, through these acts, Defendants violated the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code Ann. §§ 32-1001 – 32-1015; the D.C. Wage Payment and Collection Law, D.C. Code Ann. §§ 32-1301 – 32-1310; and the Virginia Payment of Wage Law, Va. Code Ann. §§ 40.1-29 – 40.1-33. Compl. ¶¶ 48, 54, 60–62 & 67–68.

## II.  STANDARD OF REVIEW – MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

## III. DEFENDANTS' MOTION TO DISMISS RAMIREZ'S CLAIMS

### A. Conversion of a Motion to Dismiss to a Motion for Summary Judgment

Defendants move to dismiss Ramirez's complaint, contending that Ramirez "received payment from Defendants of the sum of $1,637.00 in consideration of a release of all claims set forth in his Complaint." Defs.' Mot. ¶ 1. They attach to their Motion a handwritten release ("Release"), signed "Jose Ramirez" and dated "11/16/2012," which states: "I have received all my back pay from Café Cantina, 1750 H St NW DC, and Pizza Autentica, Ballston location. I do not have any claims against both of the above mentioned locations anymore. $1637 (total pay)[.]"[1] *Id*. Ex. A.

Ramirez argues that Defendants' contention that Ramirez has settled his claims "is neither part of a verified Motion nor supported by an affidavit attesting to the facts alleged," nor integral to the Complaint. Ramirez Opp'n 6. Ramirez insists that "[t]he document attached as Exhibit A to Defendants' Motion to Dismiss also should be disregarded by the Court because it is extrinsic evidence that is not integral to and explicitly relied upon by Plaintiff Ramirez in his

---

[1] Defendants also move to dismiss "for cause, the cause being stealing." Defs.' Mot. ¶ 3. Defendants do not provide any argument or case law in support of this ground, and it shall not be considered. Indeed, Defendants' Memorandum is all of two paragraphs long and cites only to "Rule 12 (b)" in support of their argument that Ramirez "as failed to state a claim upon which relief can be granted." Pl.'s Mem. ¶¶ 1–2.

3

Complaint," and it is "unsworn, unauthenticated, and unreliable." *Id*. According to Ramirez, "[t]he Fourth Circuit has made it clear that extrinsic evidence attached by a defendant to a motion to dismiss should not be considered unless it was integral to and explicitly relied on in the complaint and the plaintiffs do not challenge its authenticity." *Id*. at 6–7.

In his Reply, Plaintiff Ramirez requests that the Court "treat the Motion to Dismiss as a Motion under Rule 56," and he attaches an affidavit of Hakan Ilhan, President of Foxhall and First Annex, to "verif[y] the authenticity of the signed release document and the payment of consideration to the Plaintiff pursuant to that release." Defs.' Reply 2 & Ex. A. Ilhan's Affidavit states that the Release "is a true and accurate copy of a business record of Foxhall Enterprises Inc. kept in the ordinary course of business," and that Foxhall "paid the consideration stated in the Release." Ilhan Aff. ¶¶ 3–4.

It is true that, for the Court to consider documents attached to a motion to dismiss when reviewing the motion *as a motion to dismiss*, the documents must be "integral to the complaint and their authenticity [must] not [be] disputed." *CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). However, the Court may consider a broader array of documents when it treats a motion to dismiss *as a motion for summary judgment*, which it may do pursuant to Fed. R. Civ. P. 12(d). *See Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.*, No. RDB-12-318, 2013 WL 139194, at *2 (D. Md. Jan. 10, 2013). When the Court does so, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Notably, "the Federal Rules do not prescribe that any particular notice be given before a Rule 12 motion is converted to a Rule 56 motion." *Ridgell v. Astrue*, DKC-10-3280, 2012 WL 707008, at *7 (D. Md. Mar. 2, 2012). Thus, this requirement "can be satisfied when a party is 'aware that material outside the pleadings is before the court.'"

*Walker v. Univ. of Md. Med. Sys. Corp.*, No. CCB-12-3151, 2013 WL 2370442, at *3 (D. Md. May 30, 2013) (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). Indeed, while the Court "clearly has an obligation to notify parties regarding any court-instituted changes in the pending proceedings, [it] does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). It is obvious that the Court may construe a motion that is styled as a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," as a motion for summary judgment. *Ridgell*, 2012 WL 707008, at *7; *see Laughlin*, 149 F.2d at 260–61. And, even if the motion is simply titled "Motion to Dismiss," as is the case here, "the fact that defendant had attached other materials to its motion should have alerted plaintiff to the possibility" that the Court would treat the motion as a motion for summary judgment. *Ridgell*, 2012 WL 707008, at *7; *see Laughlin*, 149 F.2d at 260–61.

Here, Defendants attached the Release as Exhibit A to their Motion to Dismiss. Consequently, Defendants' attachment and the Federal Rules of Civil Procedure gave Plaintiff Ramirez adequate notice that the Court could construe Defendants' motion as one for summary judgment. *Laughlin*, 149 F.2d at 260–61; *Ridgell*, 2012 WL 707008, at *7. And, because Ramirez challenges the use of the Release in his memorandum, *see* Pl.'s Opp'n 6–7, he obviously was aware of its existence and Defendants' reliance on it. The Court will treat Defendants' motion as a motion for summary judgment.

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of*

5

*Greensboro*, No. 12-1722, --- F.3d ---, 2013 WL 1866940, at *3 (4th Cir. May 6, 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.*

**B. The Release**

As noted, in support of their argument that Plaintiff Ramirez has failed to state a claim because he already has settled his claims against them, Defendants present the Release, which states that Ramirez does "not have any claims against" Defendants. Defs.' Mot. ¶ 1 & Ex. A. Plaintiff insists that the Release is "unsworn, unauthenticated, and unreliable," and therefore the Court should "disregard[]" it. Ramirez Opp'n 6. Of import, supporting documents for a summary judgment motion need not necessarily be authenticated or otherwise proven to be reliable.[2] *Ridgell*, 2012 WL 707008, at *9 (citing *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 1:10–cv–1144, 2011 WL 5169384, at *2 (W.D. Mich. Oct. 31, 2011)). As amended in 2010, Fed. R. Civ. P. 56(c)

> "allows a party making or opposing a summary judgment motion to cite to materials in the record including, among other things, 'depositions, documents, electronically stored information, affidavits or declarations' and the like. Fed. R. Civ. P. 56(c)(1)(A). If the opposing party believes that such materials 'cannot be presented in a form that would be admissible in evidence,' *that party must file an objection*. Fed. R. Civ. P. 56(c)(2). Significantly, *the objection contemplated by*

---

[2] This Court is not aware of any requirement that a document, other than an affidavit or declaration, presented as an exhibit to a motion for summary judgment needs to be sworn, and Ramirez has not cited any such authority.

> *the amended Rule is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be. . . . The revised Rule . . . clearly contemplates that the proponent of evidence will have the ability to address the opponent's objections, and the Rule allows the court to give the proponent 'an opportunity to properly support or address the fact,' if the court finds the objection meritorious. Fed. R. Civ. P. 56(e)(1). Thus, the amendment replaces a clear, bright-line rule ('all documents must be authenticated') with a multi-step process by which a proponent may submit evidence, subject to objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method to doing so at trial.*

*Ridgell*, 2012 WL 707008, at *9 (quoting *Foreword Magazine, Inc.*, 2011 WL 5169384, at *2. (footnotes omitted)) (emphasis added). Plaintiff Ramirez has not filed an objection to the Release unrelated to Defendants' failure to authenticate it, which Defendants cured in their Reply. *See id.*; Fed. R. Civ. P. 56(c)(2). Even if his request that the Court "disregard[]" the Release were viewed as an objection, it would be an objection "that the material has not been submitted in admissible form," rather than an objection that the material "cannot be" submitted in admissible form, as Fed. R. Civ. P. 52(c)(2) requires. *Ridgell*, 2012 WL 707008, at *9 (citations and quotation marks omitted).

Significantly, Plaintiff Ramirez did not take the opportunity to attach an affidavit to his Opposition, disavowing the Release. By operation of Fed. R. Evid. 801(d)(2)(B), Ramirez's failure to deny the authenticity of the Release, when presented with the opportunity to do so, is an evidentiary admission that the Release is authentic. *See* Fed. R. Evid. 801(d)(2)(B) advisory committee notes (1972) ("Under established principles an admission may be made by . . . acquiescing in the statement of another. . . . When silence is relied upon, the theory is that the person would, under the circumstances, protest the statement made in his presence, if untrue."). Moreover, Defendants have submitted an affidavit from Defendant Ilhan, as President and custodian of records for Foxhall, to authenticate the Release, such that the Release would be admissible. *See* Fed. R. Evid. 801(d)(2)(A) & 901(b)(1); *see also* Fed. R. Civ. P. 56(c)(4).

7

Therefore, the Court may consider the Release in reviewing Defendants' motion. *See Ridgell*, 2012 WL 707008, at *9; Fed. R. Evid. 801(d)(2)(A) – (B).

The Release, although brief, clearly states that Plaintiff Ramirez settled his claims with Defendants, and it is signed by Ramirez. A party that has settled its claims against the other parties to the litigation no longer can state a claim against those parties arising from the subject matter of the settlement. *See Landino v. Sapp*, No. 12-1580, 2013 WL 1800953, at *3 (4th Cir. Apr. 30, 2013) (stating that the district court properly dismissed Count I of the plaintiff's complaint because the plaintiff "releas[ed] the claim he asserts in . . . count [I] of his complaint" when he "entered into a binding Settlement Agreement" with the defendant); *Smith v. Capital One Auto Finance, Inc.*, No. JKB-11-1023, 2012 WL 48380, at *6 (D. Md. Jan. 9, 2012) (granting summary judgment for defendant where plaintiff had entered into a settlement in which she "released any and all claims she may have had against Defendant . . . and is barred from reasserting them"); *In re Refco Inc. Securities Litig.*, Nos. 07–md–1902 (JSR), 08–cv–7416 (JSR), 2012 WL 4053939, at *2–3 (S.D.N.Y. Aug. 8, 2012) (Capra, J.) (noting that "there is substantial case law in which courts have opted for efficiency and reason [by considering settlement agreements on motions to dismiss even though the agreements were not integral to the complaints,] and granted motions to dismiss third-party complaints because the third-party defendant had settled with the principal plaintiff"). Further, release is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). Because Plaintiff Ramirez has settled his claims against Defendants, *see* Defs.' Mot. Ex. A, he has not stated a claim against Defendants. *See Landino*, 2013 WL 1800953, at *3; *Smith*, 2012 WL 48380, at *6; *see also* Fed. R. Civ. P. 8(c)(1). Defendants' Motion to Dismiss Plaintiff Ramirez's claims, which this Court construes as a motion for summary judgment, is GRANTED.

## IV. PLAINTIFFS/COUNTER-DEFENDANTS ALAS AND HERRERA'S MOTION TO DISMISS COUNTERCLAIM

First Annex filed a Counterclaim against Alas and Herrera, ECF No. 13, alleging that Alas and Herrera "individually and acting in concert converted and unlawfully, willfully and intentionally with malice and larceny aforethought appropriated, with the intent to permanently deprive, cash money belonging to First Annex representing proceeds of sales of food and drink at Café Cantina restaurants" and ultimately "were discharged . . . for cause, the cause being stealing." Countercl. ¶¶ 4 & 6. First Annex also claims that Alas and Herrera "acted by way of conspiracy and in confederation by way of agreement or understanding to misappropriate funds belonging to First Annex." *Id.* ¶ 5.

Counter-Defendants Alas and Herrera assert that "the Counterclaim appears to be an attempt by First Annex to state claims for conversion and civil conspiracy against Herrera and Alas." Counter-Defs.' Mem. 2. With regard to conversion, Counter-Defendants argue that First Annex has provided nothing more than a "threadbare recital[] of some of the elements of a claim for conversion under D.C. law unsupported by factual allegations," which is insufficient to state a claim for relief. *Id.* at 3. As for civil conspiracy, Counter-Defendants contend that First Annex neither establishes the elements of the cause of action nor successfully states the underlying claim for conversion, such that "its civil conspiracy claim cannot survive independently." *Id.* at 7–8. In its Opposition, First Annex states that "the basis of the Counterclaim" is that Alas and Herrera "were fired for stealing," First Annex's Opp'n ¶ 1, and insists that "[t]he allegations if true would sustain a judgment for damages," *id.* ¶ 4.

### A. Counter-Plaintiff's Claims

Under the law of the District of Columbia,[3] to state a claim for conversion, a plaintiff must allege an "unlawful exercise of ownership, dominion or control over the personal property of another in denial or repudiation of his rights thereto." *Flocco v. State Farm Mut. Auto. Ins. Co.*, 752 A.2d 147, 158 (D.C. 2000) (citations and quotation marks omitted). Other than a fleeting reference to "cash money belonging to First Annex representing proceeds of sales of food and drink at Café Cantina restaurants," Counter-Plaintiff only recites the elements of conversion, in a convoluted fashion,[4] which "is insufficient to state a claim for conversion." *Fox v. District of Columbia*, No. 10-2118 (ABJ), 2013 WL 563640, at *6 (D.D.C. Feb. 15, 2013) (stating that plaintiff failed to state a claim for conversion when he did nothing more than recite the elements and state that "'[t]he District is liable in conversion for taking money from arrestees pursuant to the "post and forfeit" procedure'" (quoting amended complaint)); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

> To state a claim for conspiracy under District of Columbia law, a plaintiff must allege
>
> (1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme.

---

[3] Counter-Defendants cite D.C. law, *see* Counter-Defs.' Mem. 3 & 6, and First Annex does not argue otherwise. Indeed, although Counter-Plaintiff cites case law pertinent to the review of a motion to dismiss, First Annex does not appear to find it necessary to identify, rely on, or otherwise cite any substantive law in its cursory Opposition.

[4] Perhaps Counter-Plaintiff conflates the elements of the crime of larceny, *see In re D.D.*, 775 A.2d 1096, 1100 n.4 (D.C. 2001) ("'An individual has committed larceny if that person "without right took and carried away property of another with the intent to permanently deprive the rightful owner thereof."'") (citations omitted), although this does not explain what "larceny aforethought" is.

*Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C. 2000). Counter-Plaintiff's gossamer claim does not allege any of these elements. Consequently, Counter-Plaintiff has failed to state a claim upon which this Court may grant relief. *See Bierman v. United Farm Family Ins. Co.*, No. RDB-12-2445, 2013 WL 1897781, at *6 (D. Md. May 6, 2013) ("Absent any particular facts to support their claims, Plaintiffs have wholly failed to state a claim upon which relief can be granted."); *Busby v. Capital One, N.A.*, No. 11-1172 (CCK), 2013 WL 1191180, at *19 (D.D.C. Mar. 25, 2013 (dismissing civil conspiracy claim because plaintiff failed to plead more than "conclusory allegations of an agreement"). Counter-Defendants' Motion to Dismiss First Annex's Counterclaim is GRANTED.

### B. Leave to Amend

First Annex asks that, if the Court grants Alas and Herrera's motion to dismiss Counter-Plaintiff's Counterclaim, the Court grant First Annex "14 days to amend the Counterclaim to provide a more definite statement." First Annex's Opp'n 2. Counter-Defendants oppose this request to amend, contending that "Counterplaintiff could have amended as a matter of right within 21 days of being served with the Counterdefendants' Motion. See Fed.R.Civ.P. 15(a)(1). But the Counterplaintiff did not do so, opting instead to file a minimalist Opposition." Counter-Defs.' Reply 2. They argue that the Court should not grant First Annex leave to amend because First Annex "has not indicated how amendment would cure the defects of its original Counterclaim." *Id*. at 3.

Whether to grant a motion for leave to amend is within this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a)(2) provides the standard for whether to grant a motion for leave to amend that a plaintiff files more than twenty-one days after defendants file a responsive pleading or motion to dismiss, as is the case here. *See id.*; Fed. R. Civ. P. 15(a)(2).

Pursuant to Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." The Court only should deny leave to amend if amendment "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility," *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013); *see Forman*, 371 U.S. at 182 (stating that the court also may deny leave if the plaintiff has amended more than once already without curing the deficiencies in the complaint); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Otherwise, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," and the plaintiff moves to amend, the Court should grant the motion so that the plaintiff has the "opportunity to test his claim on the merits." *Forman*, 371 U.S. at 182.

As there is no evidence before the Court to suggest that Counter-Plaintiff has acted in bad faith, that amendment would be futile, or that Counter-Defendants would suffer any undue prejudice, First Annex's request for leave to amend its Counterclaim is GRANTED. *See MTB Servs.*, 2013 WL 1819944, at *3. Counter-Plaintiff shall file with the Court and serve Counter-Defendants with its Amended Counterclaim no later than July 10, 2013.

## V. CONCLUSION

In sum, Defendants' Motion to Dismiss Plaintiff Ramirez's Complaint is construed as a motion for summary judgment and GRANTED; Plaintiffs/Counter-Defendants Alas and Herrera's Motion to Dismiss Defendant/Counter-Plaintiff First Annex's Counterclaim is GRANTED; and First Annex's request for leave to amend its Counterclaim is GRANTED. Counter-Plaintiff shall file with the Court and serve Defendants with its Amended Counterclaim no later than July 10, 2013.

A separate order shall issue.

Dated: June 20, 2013                                                    /S/
                                                         Paul W. Grimm
                                                         United States District Judge

lyb